McLellan *v.* Cox.

(*) McLELLAN *versus* COX *& als.*

Persons, severally owning distinct fractional parts of a vessel, and sustaining no additional relation to each other, are merely tenants in common.

A declaration made by one of such part owners or tenants in common, admitting a joint liability of all the owners, is not admissible as evidence against the others.

The existence of a *community of interest* among such owners, unless it be shown to be a *joint interest,* will not constitute the declarations of one of them to be evidence against the others.

On Exceptions from *Nisi Prius,* Tenney, J. presiding.

Assumpsit, to recover $115,11, the amount of articles furnished for victualing the brig Ellen Maria, and delivered to Capt. Hoyt, the Master.

The defendants were the general owners of the brig in different proportions. The plaintiff's account was made against the "owners of the brig Ellen Maria." It was exhibited to the defendant Cox, who indorsed upon it over his signature that he considered it correct, and that the owners were holden, and that he was willing to pay his part, being one quarter. The defendants introduced a receipt signed by the plaintiff, for $28,78, paid by Cox, being in full for his one fourth part of outfits of the Ellen Maria.

The defence was, that the brig had been let to Capt. Hoyt *upon shares,* to be victualed, manned and run by him and under his control, and that the supplies now sued for were furnished on his credit alone.

Capt. Hoyt, for the defendants, testified, *that* he sailed the brig on shares, and had the sole control and management of her ; *that* he supposed it was for him to victual and man her, though there was no definite bargain made to that effect ; and *that* he did in fact victual and man her, and after paying " port charges," &c. divided the net earnings, one half to the owners, and the other half to himself.

To discredit this testimony, the plaintiff read a paper which the witness had signed, certifying that he sailed as master of the Brig Ellen Maria, and was to receive wages and commissions for his services, and that he contracted the plaintiff's bill on account of the brig and owners. In relation to this certificate, Hoyt testified that he was about to sail on a voyage to California, and was apprehensive the plaintiff would stop him for this debt; that the certificate being drawn up by the plaintiff, he signed it, that he might thereby get opportunity to start unmolested upon his voyage.

McLellan *v.* Cox.

The plaintiff put in a letter from Cox to him, written in reference to his said previous indorsement on the account and saying, "I told one of the other defendants, as I did you, that I knew nothing about the matter, *except what I had from Hoyt.*"

There was much other testimony.

The plaintiff's counsel requested the Judge to instruct the jury, "that such declarations and admissions as the defendant Cox may have made were, in this trial, to be considered by the jury as effectual against the other defendants as himself, so far as they had any bearing upon the question of the defendants' liability, it being admitted that the defendants were joint owners and as such jointly liable, if at all."

But the Judge remarking, that it had not been contended, that the defendants were a co-partnership, instructed the jury in a manner at variance with this request.

The verdict was for the defendants, and the plaintiff excepted; and also filed a motion for a new trial.

*Gilbert,* for the plaintiff.

The letter from Cox furnishes a resistless inference, that he had received information from Hoyt, that the goods were purchased on the credit of the owners. This tended to show a contradiction, and to discredit Hoyt's testimony, and was therefore a proper consideration for the jury. But, by refusing to give the requested instruction, the Judge withdrew this consideration from them. For since the defendants were all liable, if any one was, this consideration, if efficacious against Cox, as it certainly was, must be so against all the defendants.

Where a joint interest of several defendants has been established, the admission of one is the admission of all. 1 Greenl. Ev. § 172, 175; Gilb. on Ev. 59, note; 1 Phil. Ev. 75; 2 Stark. Ev. 25.

It is the same rule that allows the admissions of one of several debtors upon a promissory note. *Hunt* v. *Brigham,* 2 Pick. 581; *White* v. *Hale,* 3 Pick. 291; *Frye* v. *Barker,* 4 Pick. 382; *Getchell* v. *Heald,* 7 Greenl. 26; *Pike* v. *War-*

*ren*, 15 Maine, 390; *Dinsmore* v. *Dinsmore*, 21 Maine, 433; *Shepley* v. *Waterhouse*, 22 Maine, 497.

The question now under consideration was directly decided in Massachusetts. *Martin* v. *Root*, 17 Mass. 222.

It has also been directly decided by this Court. *Davis* v. *Keen*, 23 Maine, 69.

It has, in this case, been assumed that, as to the effect of admissions made by one of two or more persons, there is a distinction between cases in which their liability is as co-partners and cases in which their liability is as tenants in common. But the authority shows no such distinction. If such a distinction had existed, it would have been applicable in the case last cited, but it was not adverted to.

In another view, the refusal to give the requested instruction was erroneous, and prejudicial to us. Hoyt's testimony was material. It had already been partially impeached. The admission of Cox's declarations as operative against all the defendants, would have weakened further the credit of that testimony.

*Fuller* and *Edwards*, for the defendants.

The plaintiff's request for instructions asserted that it had been "*admitted* that the defendants were joint owners, and as such jointly liable, if at all." We had no control over the form in which the plaintiff should present his request for instructions. But such an admission was never made by us.

So far from admitting this doctrine of joint ownership, the defendants distinctly deny it, and deny ever having admitted it. Their admission is correctly stated in the exceptions to be "that defendants were *general owners*, at the time when the bill sued for was contracted."

One question only seems to arise under the exceptions, viz.; are the defendants liable in the present action by reason of any admissions or declarations of the defendant Cox?

As to the effect of Cox's declarations, the defendants contend; —

1. That the general relation of ship owners is that of *tenants in common*, having distinct though undivided interests.

This relation is a *legal presumption*, any other being the exception and requiring to be specially proved. Kent's Com. vol. 3, pt. 5, § 45; 2 Ves. & B. 242; 4 Johns. Ch. 522; 1 East, 20; 2 Barn. & Cres. 12; 8 Taunt. 774.

The distinct nature of the interests of such part owners or tenants in common, may be seen from the fact that they can sell only their own undivided shares. *Willings* v. *Blight*, 2 Peters' Ad. R. 288. That they may sue each other before any final balance of accounts. *Macy* v. *D'Wolf*, 3 Woodb. & Minot. That there is no lien by one on the share of another for outfits and supplies. *Macy* v. *D'Wolf*. And insurance procured by one part owner is not binding on the others, without express authority. *Bell* v. *Humphries*, 2 Stark. R. 286; *Foster* v. *U. S. Ins. Co.* 11 Pick. 88.

2. The plaintiff must establish a *joint* interest among the defendants, by *other witnesses than the defendants themselves*, before he can derive any benefit from their admissions.

An apparent joint interest is not sufficient to render the admission of one party receivable against his companions, *where the reality of that interest is the point in controversy.* A foundation must first be laid by showing *aliunde* that a joint interest exists. Greenl. on Ev. vol. 1, § 177; *Burgess* v. *Lane*, 3 Greenl. 165; *Whitney* v. *Ferris*, 10 Johns. 66; *Harris* v. *Wilson*, 7 Wend. 57.

3. Persons holding this relation of part owners of a ship cannot bind each other by their admissions, even though they are parties on the same side of the suit.

It is a *joint* interest and not a mere *community* of interest that renders such admissions receivable. *Dan & al.* v. *Brown & al.* 4 Cowen, 483, 493; Greenl. on Ev. vol 1, § 176; *Jaggers* v. *Binnings*, Stark. Ca. 64.

The doctrine of *Cady* v. *Shepherd*, 11 Pick. 400, as to declarations of co-partners, made since the dissolution, respecting business of the firm, is believed to be the true view to be taken of Cox's declarations. "These admissions are competent evidence, but whether the other partners are necessarily or conclusively bound is another question. Doubtless

they may disprove the truth of such confessions; they may prove payment or other discharge, or *that the claim never had legal validity.*"

4. There is no pretence that Cox was *agent* for the owners. Had he been such agent, his declarations would only be admissible in regard to transactions *in which he was at the time engaged.* An agent's declarations are received, not as admissions, but as parts of the *res gestae.* *Haven* v. *Brown,* 7 Greenl. 421.

5. Cox's admissions of liability were not binding on *himself,* much less on the other owners. They constitute, not the *confessio facti,* but merely the *confessio juris,* an admission of what he supposed the law to be. Where one, through a mistake of the law, acknowledges himself under an obligation, which the law will not impose on him, he is not bound thereby. *Warder* v. *Tucker,* 7 Mass. 452; *Freeman* v. *Boynton,* 7 Mass. 488; *May* v. *Coffin,* 4 Mass. 347; *Louisville Man. Co.* v. *Welch,* 10 Howard, 461.

Where admissions involve matters of law as well as matters of fact, they are obviously entitled to little weight, and in many cases have been altogether rejected. Stephen's *Nisi Prius,* vol. 2, 1603.

HOWARD, J. — It is admitted that the defendants were the general owners of the vessel, when the supplies were furnished for which this suit is brought. It appears that they were part owners of distinct fractional portions, respectively; and there is no evidence that they sustained any relation to each other, excepting that of shipowners, generally. Upon well settled principles, they were tenants in common of the vessel. Abbott on Shipping, 68; Collyer on Part., §§ 1185, 1187; 3 Kent's Com. 39, 40, 151; Story on Part. § 417, and notes and cases referred to by those authors.

When the master is agent of the owners he may bind them for the necessary supplies and repairs of their vessel, but not so where no agency, express or implied, exists. There was evidence in this case tending to show that Hoyt, the mas-

ter, hired the defendants' vessel " *on shares ;*" that he had the possession, and sole control and management of her, and sailed, victualed and manned her, on his own account ; and that he was owner *pro hac vice.* The whole evidence was submitted to a jury, with instructions not appearing to be objectionable, and the verdict, which was for the defendants, we cannot regard as unauthorized. As owner, *pro hac vice,* the master, having no agency or authority from the general owners, would be answerable for the necessary supplies procured by himself. 3 Kent's Com. 137, 138 ; *Webb* v. *Pierce,* 5 Law Reporter, (new series,) 9 ; (U. S. Circuit Court, District of Massachusetts,) and the cases there cited, English and American, showing the law on this subject to be well settled in both countries. *Lyman* v. *Redman,* 23 Maine, 289.

But the plaintiff insists, that the liability of all the defendants was established, by proof of the admissions of one of them to that effect. There is no proof, however, that they were in partnership, enjoying the rights and powers, or subject to the duties and obligations of partners, in respect to the vessel, her possession, transfer, control and management, or liability for debts or forfeitures. While shipowners may be in partnership as owners, their general relation is that of tenants in common, and their partnership relation, though provable, cannot be presumed from the fact of being part owners. They are not agents for each other, unless made such upon authority conferred for that purpose, expressly or by implication. Their acts are not binding upon each other without such special authority ; nor can the unauthorized admissions of one implicate or bind the others. Collyer on Part. § 1229, and notes ; Story on Part. 453 ; *Hardy* v. *Sproule,* 31 Maine, 71. Where two were partners, and also part owners of a vessel, the admission of one, as to the subject of part ownership, but not of the co-partnership, was held not to be binding on the other, by Lord Ellenborough. 1 Stark. R. 64 ; Smith's Mercantile Law, 187 ; *Dan* v. *Brown,* 4 Cow. 483. So the admission of one tenant in common of real or personal property, as such, will not bind his co-tenants.

There was no *joint interest* shown between the defendants, although a community of interest appeared to exist between them, as part owners of the vessel. The admissions of Cox, one of the defendants, could not, therefore, bind the others. 1 Greenl. Ev. § § 176, 177.

*Exceptions and motion overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.